## SUPREME COURT.

CONSTANT COOK agt. JOHN R. ESLEECK, and others.

It is not necessary, under section 128 of the Code, that the name of the *state* should appear in the summons, designating the place where the defendant is required to serve his answer. And it makes no difference whether the service of the summons is made personally or by *publication*.

In case of service of the summons by publication, a *notice*, in which the time and place of filing the complaint are stated, whether in the body of the original summons or *immediately below it*, is sufficient. (*This case having been affirmed by the court of appeals, the case of Titus agt. Relyea* (16 *How.* 371); *holding adversely, is overruled.*)

*Kings General Term, February,* 1859.

*Present, Hon.* JOHN A. LOTT, JAMES EMOTT *and* JOHN W. BROWN, *Justices.*

Cook agt. Esleeck.

THIS action was instituted to foreclose a mortgage made by defendant Esleeck, upon property in the city of Brooklyn, Kings county.

The complaint and *lis pendens* were filed in the office of the clerk of said county, on the 2d of November, 1857.

The defendants, John R. Esleeck and five others, were afterwards found to be non-residents, and an order was obtained that the summons be served upon them by publication.

The summons included in the clerk's return is a copy of that published, and is as follows:

" To the above defendants :

" You are hereby summoned and required to answer the complaint in this action, which will be filed in the office of the clerk of the county of Kings, at the City Hall, city of Brooklyn, Kings county, and to serve a copy of your answer to the said complaint on the subscribers, at their office No. 192 Broadway, corner of John street, New-York city, within twenty days after the service of this summons on you, exclusive of the day of such service ; and if you fail to answer the said complaint within the time aforesaid, the plaintiff in this action will apply to the court for the relief demanded in the complaint.

" Dated New-York, October 29th, 1857.

" MILLER, PEET & NICHOLS, *plaintiff's attorneys,*

" 192 Broadway, New-York."

" The said complaint was filed in said clerk's office, November 2d, 1857.

" M., P. & N., *plaintiff's attorneys.*"

The purchaser at the foreclosure sale objected to the title, alleging that the publication was defective in two respects, viz. :

I. In that the summons in addition to stating the complaint would be filed " in the office of the clerk of the county of Kings, at the City Hall, city of Brooklyn, Kings county," did not add " and state of New-York."

II. In that the summons itself did not state the time and place of filing, but the same was stated in a foot note by way of appendix or postscript, and not as a part of the summons

itself, and referring to the decision in *Titus* agt. *Relyea*, (16 *Howard*, 371). Upon a motion made by the plaintiff to compel the purchaser to complete, the court, at special term, held the publication to be a sufficient compliance with the statute, and granted the motion. This decision was affirmed at general term on appeal, and the following opinion of the court delivered.

MILLER, PEET & NICHOLS, *plaintiff's and respondent's attorneys.*

SHERWOOD, STORY & DUNN, *attorneys for appellants.*

By the court—LOTT, Justice. The summons issued on the commencement of this action was directed to the defendants, and they were thereby summoned and required to answer the complaint and serve a copy of their answer on the plaintiff's attorneys, " *at their office No.* 192 *Broadway, corner of John street, New-York city,*" within twenty days after the service of the summons.

It is also stated that the complaint would be filed " *in the office of the clerk of the county of Kings, at the City Hall, city of Brooklyn, Kings county,*" and if the defendants failed to answer within the time prescribed, that the plaintiff would apply to the court (which in the title was named " supreme court, Kings county,") for the relief demanded in the complaint. It was " dated New-York, October 29th, 1857," and subscribed " Miller, Peet & Nichols, plaintiff's attorneys, 192 Broadway, N. Y." There was no other specification of the court in which the action was brought than in the title as above set forth.

The service of this summons upon six of the defendants, was by its publication in the form in which it was originally issued, together with a statement or notice subjoined, in the following terms : " The said complaint was filed in the said clerk's office, November 2d, 1857. M., P. & N., Plff's Attys."

The object of the action was to foreclose a mortgage held by the plaintiff. The defendants, so served by publication, never appeared.

· The usual judgment was entered, and a sale of the mortgaged premises under it was subsequently made to Charles Kelsey. He refused to take title, alleging as the ground of the refusal, that the proceedings as to those defendants were irregular and void, and they are not foreclosed thereby.

The objections taken are, 1st. That the summons, in omitting to designate the state of New-York therein, does not state *where* the complaint was to be filed, or specify the place at which the answer thereto was to be served, within the meaning of the Code: and, 2d. That the summons, as published, does not state the time and place of filing the complaint.

An order was, after considering the objections, made at special term, requiring the purchaser to complete his purchase, and the case is brought up for review, on appeal by him from that order.

The question presented is one of great practical importance. If the first objection is well founded, it will probably affect most of the judgments rendered since the adoption of the Code in cases where either of the defendants has failed to appear. The general practice has been to specify, in the summons served, the name of the city or town and county only, and if the name of the state in addition is necessary to be stated, it would not be such process as is required and authorized for the commencement of the action, and the service thereof, even if personally made, would be ineffectual, and no jurisdiction could be acquired thereby.

We cannot yield our assent to such a construction. The provisions of the Code on which this objection is founded are contained in sections 128 and 130. Section 128 prescribes that the summons shall require the defendant " to answer the complaint and serve a copy of his answer on the person whose name is subscribed to the summons, *at a place within the state, to be therein specified, in which there is a post-office,* within twenty days after the service of the summons, exclusive of the day of service ;" and section 130 provides that " a copy of the complaint need not be served with the summons. In such case, the summons must state *where the complaint is or will be filed.*"

Cook agt. Esleeck.

The complaint when served must, among other matters, contain, " the title of the cause, specifying the name of the court in which the action is brought, the name of the county in which the plaintiff desires the trial to be had, and the names of the parties to the action, plaintiff and defendant."

These provisions were intended, primarily, to regulate proceedings in actions against persons resident or found within this state, and to notify the party served with the summons of the commencement of the action, and when and where he can appear and defend.

If such service is made within this state, there can be no reasonable doubt that the party so served understands and is sufficiently informed, that the place where the complaint is or will be filed, and where he is to serve his answer, is within this state, although the fact is not stated in express terms. It is not usual for residents of the same state, in letters or notices addressed to each other, to specify the place where it is written or from which it is sent, more particularly than by naming the city and town, or at most the county, or some other subdivision of the state, but the state itself is seldom if indeed ever named, and there is no reason to believe that any person has been misled by such designation. When the service is by publication and the party is a non-resident, there would seem to be, some ground for requiring the state to be specified, but, even in that case, it is for all practical purposes unnecessary. The publication is to be made in two newspapers, published in this state, and if either of them is received by the person to be affected by the notice, there is generally, if not always, sufficient evidence in the newspaper itself of the fact of its publication in this state, and that gives him sufficient notice that the action has been instituted therein. If his residence is known, the complaint as well as the summons is sent to him, by means of which he becomes apprized of the demand or claim made, and of all the facts stated therein. But assuming it to be a possibility that the summons may fail, in some cases, to apprize the party, by whom it is in fact received, that the place mentioned therein is within the state of New-York, that alone

Cook agt. Esleeck.

does not justify a construction of the language of the provisions above referred to, that is unwarranted by and different from its fair and ordinary meaning. In the case at bar, there is no reason to believe that the summons failed to give all the information necessary. The designation of the city of Brooklyn as the place where the complaint would be filed, and the number and street in the city of New-York, where the answer was to be served, was for all practical purposes as specific and certain as if the state of New-York had been also named. No person having knowledge of the existence of such a state can be presumed to be so uninformed as not to know that those cities are within it, and constitute a part thereof, and a notice directed to either of those cities, without any designation of the state, through the post-office, would not fail to reach the person to whom it was addressed. The first objection is in any view of the case untenable. There is more color for the second, but on examination that will be found to be one of form and not of substance. The Code, after prescribing what the summons should state, and how it shall be served on persons residing or found in this state, by section 135, provides, when the person, on whom the service of the summons is to be made, cannot be found within the state, that service may, in certain specified cases, be made by publication thereof in two newspapers, to be designated, as most likely to give notice to the person to be served, in which case it is also required that a copy of the summons and complaint shall be deposited in the post-office, directed to the person, to be served at his place of residence if known, or can by reasonable diligence be ascertained. After prescribing these directions, the section secures to the defendant, proceeded against by publication, the right to appear and defend in all cases, except in actions for divorce, even after judgment. It then contains a provision that in all cases where publication is made, the complaint must be first filed and the summons as published must state the time and place of such filing. Now, conceding that there can be only one summons in an action, as is contended by those who insist that the notice or statement below the summons, as originally issued in this

action, is not in compliance with the provisions, it appears to me to be the evident intention of this section that the summons adopted in the commencement of the action, in either of the forms authorized by the previous section, is that which is to be published. It refers to a summons already issued. It contemplates, among other cases, one where the person to be served is in fact a resident of this state, but who cannot, after due diligence, be found therein; and in all of the requirements prescribed as the basis of the order to be made for its publication, it is assumed that the summons as issued is valid and sufficient, and the action of the court or judge is invoked so far as to dispense with personal service in the manner previously specified, and to authorize a substituted service of the same summons by publication.

If those provisions stood alone, I do not suppose that any one would contend that a new summons was to be issued. The difficulty arises out of the directions referred to, requiring, in all cases where publication is made, that the summons, as published, must state the time and place of filing the complaint. This requisition, it will be seen, is confined to the summons *as published.* It has no reference to the copy which is to be deposited with the complaint in the post-office. Does this necessarily require that the time and place of filing the complaint in such case should be stated in the body of the summons as an essential and indispensable part thereof to give it validity, and that the form adopted in this case is insufficient? If so, the result would be that all proceedings based on the service of a summons in the form authorized by law, when it is issued upon such of the defendants as had been served, would be of no effect, and the party would be obliged to discontinue, substantially, his proceedings previously taken (no matter at what cost and expense), in good faith, for the reason that he was so unfortunate as not to know in advance that one or more of the defendants was a non-resident, or, if a resident, that he would, when the summons was to be served upon him, keep himself concealed with the intent to defraud his creditors or to avoid the service of the summons, or that, after due dili-

Cook agt. Esleeck.

gence, he would not be found in the state. An amendment could not be made. That would make a change, if the objection is valid, in the essential requisites of a summons, and make it a different process ; and hence the summons, which had been previously served, would not be the summons in the action, and, consequently, the service thereof would be ineffectual and inoperative. A construction leading to such results ought not to be given to the above mentioned provisions, unless imperatively demanded. We think it is not required. The substantial part of the summons is that which requires the defendant to appear ; and when that is published, accompanied by a notice in which the time and place of filing the complaint are stated, whether in the body of the original summons or immediately below it, as in this case, the object intended by the publication is attained. The party is as effectually apprized and notified of the facts, which were required to be communicated to him, by one form as the other ; and we think that the requirements of the statute are complied with in either case. It is known to every practitioner of experience that it becomes necessary, in many cases, to proceed by publication when he had no reason to believe at the commencement of the action that such a course would be requisite ; and the general practice has been, when the summons, as issued, did not state the time and place of filing the complaint, to subjoin a notice in the form or to the effect adopted in this case. This has been made the basis of the title of many purchasers of real estate under judgments recovered since the Code went into operation ; and, in view of the consequences, the court ought not to decide that such practice is unwarranted, and thus defeat the titles founded thereon, if it can be sustained or sanctioned by a fair and reasonable construction of the law. We are of opinion that it can, and that the order made at special term, giving such construction, is right, and it must be affirmed.[1]

NOTE.—This decision was affirmed by the court of appeals at the term (just closed) held in March 1859.